UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHANEE' M. HARRIS BEY, et al.,

    Plaintiffs,

v.

VANCE RIPLETT, et al.,

    Defendants.
_____/

Case No. 2:25-cv-10848

Honorable Susan K. DeClercq
United States District Judge

**OPINION AND ORDER GRANTING PLAINTIFFS' APPLICATION TO PROCEED *IN FORMA PAUPERIS* (ECF No. 2), SUMMARILY DISMISSING PLAINTIFFS' COMPLAINT (ECF No. 1), AND DENYING AS MOOT PLAINTIFFS' MOTION FOR REQUIRED JOINDER OF PARTIES (ECF No. 12) AND OTHER REQUESTS AND PETITIONS**

Plaintiff Shanee' M. Harris-Bey is the trustee of Plaintiff Royal House of ShayMarie Trust (together, "Harris-Bey"). Harris-Bey, proceeding without a lawyer, brings claims apparently arising from state-court tax-foreclosure proceedings against her and a property she owns. Specifically, Harris-Bey sues the 36th District Court, two state-court judges, a state-court bailiff, a former party and an attorney who participated in one of the state-court cases, and the Wayne County Treasurer's office. At the same time she filed her complaint, Harris-Bey also applied to proceed without prepaying costs or fees (i.e., *in forma pauperis*). ECF No. 2. Because her application supports her allegations of poverty, it will be granted. At the same time, however, Harris-Bey's complaint will be summarily dismissed.

## I. BACKGROUND

According to Harris-Bey's complaint, the property at issue was "originally held" in the name of her deceased mother. ECF No. 1 at PageID.4. Harris-Bey alleges that Defendant Wayne County Treasurer, "without proper disclosure, due process, or equitable consideration," initiated tax-forclosure proceedings against the property. *Id.* Defendant Vance Riplett "voluntarily acquired the property via a treasurer's tax auction," a transaction that Harris-Bey says was defective. *Id.* Then, Riplett "coerced" Harris-Bey into a land contract. *Id.* Based on that contract, "Riplett returned to court and initiated a Land Contract Forfeiture action, seeking possession and eviction." *Id.*

Harris-Bey further alleges that in the case that followed, 36th District Court Judge Raeigen L. Evans "refused to recognize" her arguments, ultimately granting possession to Riplett. *Id.* at PageID.5. Harris-Bey also alleges that Riplett's attorney, Defendant Diane Wyrock, "deliberately mischaracterized the land contract" during those proceedings. *Id.*

To challenge the judgment in that case, Harris-Bey filed a complaint in the Wayne County Circuit Court, but says she was "again denied equitable consideration" by Judge Muriel D. Hughes in Case 25-000375-AV. *Id.* Then, Harris-Bey says that Defendant Myran Bell, who served as bailiff, forcibly evicted her from

the property on January 16, 2025, "with no inventory, warrant, or process served." *Id.*

Based on these allegations, Harris-Bey sued all the above-named parties, asserting various state and federal claims, including for "Violation of Due Process and Equal Protection," "Unlawful Conviction and Property Conversion," "Violation of Religious and Spiritual Rights," "Breach of Trust and Fiduciary Duty," declaratory relief, and emotional damages. *Id.* at PageID.5–8.

## II. LEGAL STANDARDS

Because Harris-Bey proceeds *in forma pauperis*, her claims must be reviewed under the standards set forth in 28 U.S.C. § 1915(e)(2). *See McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007) (recognizing that courts "must still screen" non-prisoner complaints under § 1915(e)(2)). Specifically, the Court must dismiss any claim that "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." § 1915(e)(2)(B).

Harris-Bey also proceeds *pro se*, and so her pleadings are held to "less stringent standards than formal pleadings drafted by lawyers" and are liberally construed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Even so, Harris-Bey is not immune from compliance with

the Civil Rules. Her complaint must still set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," FED. R. CIV. P. 8(a)(2), one that would "give the defendant fair notice" of what the claim is and the grounds on which it rests. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). Further, her complaint must still "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)) (holding that the Civil Rule 12(b)(6) standard also applies to dismissals under § 1915(e)(2)(B)(ii)).

### III. DISCUSSION

Here, all of Harris-Bey's claims fail as a matter of law, so they must be summarily dismissed. To start, her claims against the 36th District Court are barred by sovereign immunity under the Eleventh Amendment. *See Pucci v. Nineteenth Dist. Ct.*, 628 F.3d 752, 763 (6th Cir. 2010) ("[T]here can be no doubt that all of Michigan's courts, including those trial-level courts funded by local funding units, are part of one, unified judicial branch *of the state*. Consequently, just as the Michigan Supreme Court is an arm of the state, so is its [36th] District Court.").

Further, the two state-court judges are shielded by absolute judicial immunity for their judicial acts. *See Forrester v. White*, 484 U.S. 219, 225–29 (1988). Namely, so long as the act is "judicial" in nature and within the very general scope of the

court's jurisdiction, absolute immunity applies. *See Johnson v. Turner*, 125 F.3d 324, 334 (6th Cir. 1997). Here, Harris-Bey takes issue with how the state-court judges considered her arguments, ruled on her motions, and disposed of her claims during the course of the state-court proceedings. ECF No. 1 at PageID.5. These acts are undoubtedly judicial in nature, and so the state-court judges are entitled to absolute immunity. *See Johnson*, 125 F.3d at 334.

As for the remaining claims and parties, Harris-Bey is essentially attempting to reverse the judgment of the state courts and regain possession of her property. But such an attempt is barred by the Rooker-Feldman doctrine. *Johnson v. De Grandy*, 512 U.S. 997, 1005–06 (1994) (noting that under the Rooker-Feldman doctrine, "a party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights"). Rather, "only the United States Supreme Court has jurisdiction to correct state court judgments." *Anderson v. Charter Twp. of Ypsilanti*, 266 F.3d 487, 492 (6th Cir. 2001) (quoting *Gottfried v. Med. Plan. Servs.*, 142 F.3d 326, 330 (6th Cir.1998)). For this reason, to the extent that Harris-Bey was dissatisfied with what happened in the state-court proceedings, her recourse was to appeal to the Michigan appellate courts—not to file her claims in this Court. Her claims are therefore barred by the Rooker-Feldman doctrine. *See Johnson*, 512 U.S. at 1005–06.

Additionally, given that Harris-Bey seeks to undo the tax foreclosure on her property, her claims are also barred by the Tax Injunction Act. *See* 28 U.S.C. § 1341 (pronouncing that federal district courts "shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law" when "a plain, speedy, and efficient remedy may be held in the courts of such State"). Here, Harris-Bey alleges that the state-court tax foreclosure proceedings were unfair and fundamentally flawed. But there were avenues available under Michigan law for raising these objections—including by appealing to the Michigan appellate courts. Thus, the Tax Injunction Act precludes this Court from considering Harris-Bey's various claims. *See Bey v. Wayne Cnty. Treasurer*, No. 23-cv-10612, 2023 WL 6797491, at *2 (E.D. Mich. Oct. 13, 2023) (holding plaintiff's challenge to tax foreclosure barred by Tax Injunction Act); *Nassar El v. Smith*, No. 11-cv-11957, 2012 WL 313985, at *2 (E.D. Mich. Jan. 31, 2012) (same).

In sum, all of Harris-Bey's claims fail as a matter of law. Her complaint must therefore be dismissed.

## IV. CONCLUSION

Accordingly, it is **ORDERED** that Plaintiffs' application *in forma pauperis*, ECF No. 2, is **GRANTED**. Further Plaintiffs' Complaint, ECF No. 1, is **DISMISSED WITH PREJUDICE**. Plaintiffs' motion for "required joinder of parties," ECF No. 12, and various other petitions and requests, *see* ECF Nos. 11; 12;

13, are **DENIED AS MOOT**. Plaintiffs are further **DENIED** leave to proceed *in forma pauperis* on appeal because any appeal could not be taken in good faith. *See* 28 U.S.C. § 1915(a)(3).

**This is a final order and closes the above-captioned case**.

/s/*Susan K. DeClercq*
SUSAN K. DeCLERCQ
United States District Judge

Dated: August 12, 2025